IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DEANDRE BRADLEY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 19-cv-259-NJR |
| JOHN BALDWIN, JACQUELINE LASHBROOK, BOB JEFFREYS, and FRANK LAWRENCE, | ) |  |
| Defendants. | ) |  |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff's Motion for Summary Judgment for Defendants' Perjurious Testimony and Acts (Doc. 47). Plaintiff seeks summary judgment against Defendants as a sanction for what he alleges was fraudulent testimony by Anthony Wills and Angela Crain at the April 17, 2019 evidentiary hearing on Plaintiff's motion for preliminary injunction. Plaintiff argues that Federal Rules of Civil Procedure 11 and 37(b) are inadequate remedies for the Defendants' conduct and, thus, he should receive summary judgment as to his claims.

Defendants have filed a Motion to Strike Plaintiff's motion (Doc. 58). Defendants argue that the dispositive motion is premature and not related to the claims in this case, as it focuses on the testimony at the evidentiary hearing. Plaintiff has filed a response (Doc. 59), as well as supplemental exhibits (Doc. 62).

To the extent that Plaintiff seeks summary judgment, that motion is **DENIED without prejudice**. Anthony Wills and Angela Crain are not yet parties to this case. Although Plaintiff has

1

filed a motion to amend his Complaint (Doc. 49), that motion was recently denied without prejudice. Even if they were current parties in the case, the summary judgment motion would be premature as merits discovery is stayed (Doc. 40). Discovery and dispositive motions, at this time, are limited to the issue of whether Plaintiff exhausted his administrative remedies. Further, as Plaintiff is seeking summary judgment, he also bears the burden of persuasion at trial (i.e., the movant is the plaintiff), and, as such, must establish all the essential elements of his claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012) (if summary judgment movant is plaintiff, he must show that the record contains evidence satisfying his burden of persuasion); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3 d 664, 670 (10th Cir. 1998) (at summary judgment state, party that bears burden of persuasion at trial must come forward with sufficient evidence of each essential element of its *prima facie* case); MOORE'S FEDERAL PRACTICE § 56.13(1) (3d ed. 2000). Plaintiff's motion fails to establish all of the elements of all of his claims which include an Eighth Amendment conditions of confinement claim and a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e. Accordingly, Plaintiff is not entitled to summary judgment at this time.

To the extent that Plaintiff also seeks sanctions for alleged false testimony at the evidentiary hearing, the Court also **DENIES** that motion. Plaintiff takes issue with Anthony Wills's testimony about the showers at Menard Correctional Center and Plaintiff's grievance regarding those showers. Plaintiff points to his Cumulative Counseling Summary as proof that Wills lied about not receiving Plaintiff's August 2018 grievance. That summary indicates that the grievance was received by the grievance office (Doc. 62, p. 2). There is no indication in the record that Wills received the grievance. The "location" of the summary comments does identify the

"Assistant Warden of Programs Office" but does not indicate that the Assistant Warden reviewed or had knowledge of the grievance. The comments indicate the grievance office received the grievance and David L. Dwight, office coordinator, and Kelly Pierce, corrections clerk, wrote those comments (*Id.*). Wills also supplemented his testimony with an affidavit which stated that the he located the grievance after the hearing, that the grievance was with the counselor, and that he was in the process of reviewing the grievance (Doc. 31-4, p. 1). The Court finds no evidence to suggest Wills lied about Plaintiff's grievance. The Court also finds no evidence to support Plaintiff's claims that Wills testimony regarding the showers at Menard was false.

Similarly, Plaintiff alleges that Angela Crain gave false testimony at the evidentiary hearing when she testified about her time as the ADA coordinator. He also alleges she submitted a false exhibit after the hearing (Doc. 31-1). Crain testified that Wills took over as ADA coordinator in September 2018 and that she was not currently the backup ADA coordinator (Doc. 47, p. 27). As Plaintiff points out in his motion, however, Crain later clarified with the Court that she was the assistant coordinator until December 2018 (*Id.* at p. 28). The Court finds no evidence that the statements were false, nor does Crain's clarification make her first statement false. In fact, prior to denying that she was the backup coordinator she testified that she served as the coordinator until December 2018 and transitioned the position over to Wills during the Fall of that year (*Id.* at p. 27). This is consistent with her later clarification that Wills became the ADA coordinator in September, and she served as the assistant until December (*Id.* at p. 28).

As to the exhibit and Defendants' supplemental response to the preliminary injunction motion, the response first indicated that Crain met with Plaintiff on April 24, 2019 (Doc. 31, p. 2). That statement was later clarified, however, to indicate that she made a notation in Plaintiff's medical record but did not meet with him in person (Doc. 39, p. 2). The supporting exhibit

remained unchanged as it did not indicate that Crain met with Plaintiff in person (Doc. 31-1, p. 1). Nor did it indicate that Crain was the ADA coordinator. As both responses point out, Crain is the health care unit administrator (Doc. 39, p. 2). The clarification was accurate and does not evidence that Crain was trying to mislead the Court. There likewise is no evidence that Crain was improperly acting as the ADA coordinator when she made that statement, as Plaintiff suggests (Doc. 47, pp. 13-14). Thus, Plaintiff is not entitled to sanctions for testimony given at the evidentiary hearing.

Accordingly, Plaintiff's summary judgment motion (Doc. 47) is **DENIED**. Defendants' motion to strike (Doc. 58) is **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED: 8/19/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**