UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEANDRE BRADLEY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-0259-GCS |
| | ) | |
| ROB JEFFREYS, | ) | |
| JACQUELINE LASHBROOK, | ) | |
| and ANTHONY WILLS, | ) | |
| | ) | |
|     Defendants.[1] | | |

MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

INTRODUCTION AND BACKGROUND

Now before the Court is Plaintiff Deandre Bradley's motion for partial summary judgment. (Doc. 104). Specifically, Bradley moves for summary judgment on his unconstitutional conditions of confinement claim against Lashbrook (Count 2). Defendants oppose the motion. (Doc. 110). Based on the reasons delineated below, the

---

[1]    Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Anthony Wills, in his official capacity as the Acting Warden of Menard Correctional Center, for Frank Lawrence in Count 1 of Bradley's complaint. On November 11, 2019, the undersigned substituted Defendant Jeffreys, in his official capacity as the Acting Director of the Illinois Department of Corrections, for Baldwin and substituted Frank Lawrence, in his official capacity as the Acting Warden of Menard Correctional Center, for Lashbrook in Count 1 of Bradley's complaint (Doc. 80). Lashbrook remains a named defendant for the claim against her in her individual capacity in Count 2 of Bradley's complaint.

Court denies the motion.

Bradley, a former inmate within the Illinois Department of Corrections ("IDOC") housed at Menard Correctional Center ("Menard"), brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). Bradley alleges that his cell in Menard failed to accommodate his disability in that it was not ADA accessible because it lacked assistive railings. He further alleges that his mattress, although designed to prevent bedsores, did not fit the bed frame provided. *Id*. at p. 2-3. Bradley also alleges that he was not able to shower at Menard because the shower chair was not designed to assist handicap individuals in the shower. Specifically, Bradley is a paraplegic from a stab wound and requires the use of a wheelchair. He additionally claims that he suffers from bowel and bladder incontinence and is at high risk for bedsores. Bradly was transferred to Menard on a disciplinary transfer, and he claims that Menard is not ADA accessible. Bradley further alleges that his cell lacks assistive railings, that the shower head is not moveable, and that his bed is not accessible. Bradley contends that he complained about the conditions of his cell and shower to Lashbrook when she visited his cellhouse on August 25, 2018 and that she refused to address the issues. He also contends that he wrote an emergency grievance regarding the conditions of his cell to Lashbrook on August 23, 2018. (Doc. 1, p. 1-4).

On March 6, 2019, the Court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and set forth in Count 1 Bradley's claims against Baldwin and Lashbrook in their official capacities for violations of the Americans with Disabilities

Act ("ADA") and Rehabilitation Act ("RA"). (Doc. 4). The review also set forth in Count

2 a claim against Lashbrook in her individual capacity for deliberate indifference to

Bradley's conditions of confinement. *Id.*

On April 18, 2019, Chief District Judge Rosenstengel held a hearing on Bradley's

motion for preliminary injunction and took the matter under advisement. (Doc. 25).

Before the Court issued a ruling, however, Bradley was transferred to Lawrence

Correctional Center, and his request for injunctive relief was mooted by the transfer.

Thereafter, Bradley was transferred back to Menard, and he filed another motion for

preliminary injunction. Chief District Judge Rosenstengel held another hearing on

Bradley's motion for preliminary injunction and took the matter under advisement. (Doc.

68). On September 12, 2019, Chief District Judge Rosenstengel denied Bradley's motion

for preliminary injunction. (Doc. 75).

With the consent of the parties, this matter was referred to the undersigned to

conduct all proceedings and order the entry of a final judgment in accordance with 28

U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 96). Subsequently, Bradley

filed the instant motion for partial summary judgment on Count 2 of his complaint. (Doc.

104). As the matter is ripe, the Court turns to address the merits of Bradley's motion.

## FACTS[2]

The following facts are taken from the record and presented in the light most

---

[2]     The following facts are not disputed by the parties.

favorable to Defendants, the non-moving parties, and all reasonable inferences are drawn

in their favor. *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).

Bradley arrived at Menard on August 21, 2018 and was placed in Menard's North

Two A-wing cell 4. At this time, Defendant Jacqueline Lashbrook was the Acting Warden

at Menard and Defendant John Baldwin was the Acting Director of the IDOC.

The Illinois Administrative Code establishes procedures for the filing of emergency

grievances by inmates. Specifically, an inmate may request that a grievance be handled

on an emergency basis under the following circumstances:

a) If there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender, the grievance shall be handled on an emergency basis.

b) If the Chief Administrative Officer determines that the grievance shall be handled on an emergency basis, he or she shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken.

c) If the Chief Administrative Officer determines that the grievance should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process.

20 ILL. ADMIN. CODE § 504.840.

Bradley filed grievance #463-8-18 on August 23, 2018. Bradley's Cumulative

Counseling Summary notes that grievance #463-8-18 was received by the grievance

officer on August 28, 2018. This grievance was marked as a non-emergency and

forwarded to Clinical Services for a counselor's response.[3]

Lashbrook was the Acting Warden at Menard between August 23, 2018 and January 31, 2019.[4] Defendant Frank Lawrence became the Acting Warden of Menard on February 1, 2019.

Lawrence filed a declaration which stated the following: "I have been informed of Mr. Bradley's concerns regarding his accommodations under the Americans with Disabilities Act. . . . As of April 30, 2019, assistive railings are being installed to Mr. Bradley's cell. At the recommendation of the physical therapist assistance, the shower, in the ADA wing [will] be modified to add a pole to the shower area to allow Mr. Bradley to pull himself up to turn the shower on and adjust the nozzle. . . . The ADA inmates currently housed at Menard Correctional Center do not have ADA attendants, with the exception of those inmates housed in the Medium Security Unit. If a medical provider determines someone needs an ADA attendant to assist him with daily functioning, arrangements would have to be made to have the individual transferred to a different facility or to the Medium Security Unit. Only a medical provider may determine if someone requires the use of an ADA attendant." (Doc. 104, p. 16-17).

---

[3]     A review of this grievance reveals that in the emergency review on August 29, 2018, the Chief Administrative Officer/Lashbrook found the grievance not to be of an emergency nature as there was a checkmark in the box which stated: "No; an emergency is not substantiated. Offender should submit this grievance in the normal manner." (Doc. 104, p. 13).

[4]     The parties use the date January 31, 2018, instead of January 31, 2019. The Court finds that this is a typographical error based on the allegations and timeline of events and that January 31, 2019 is the correct date.

Defendant Anthony Wills provided a signed declaration stating the following: "I could not locate any grievances of complaints by Mr. Bradley relative to the shower chair to which he has access. It is my understanding that Mr. Bradley has access to a shower chair and shower facilities that are Americans with Disabilities Act assessible. A new shower chair was ordered and provided to the cell house in which he lives in November 2018. I could not locate any grievances or complaints by Mr. Bradley about the location of the rails in his cell. Mr. Bradley is celled in an Americans with Disabilities Act accessible cell." (Doc. 104, p. 20). In a later signed declaration, Wills declared: "After the hearing on April 24, 2019, I checked with the grievance office and confirmed a grievance from August 23, 2018 in which Bradley complained about not having rails and problems he was having with the shower. It is at the counselor level of review and will be addressed. I am in the process of preparing a response to the counselor regarding this grievance." *Id.* at p. 21.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014)(citing FED. R. CIV. PROC. 56(a)). *Accord Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *Accord*

*Bunn v. Khoury Enterpr., Inc.*, 753 F.3d 676, 681-682 (7th Cir. 2014).

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *See Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained and as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014). The Court's role at summary judgment is not to evaluate the weight of evidence, to judge witness credibility, or to determine the truth of the matter. Instead, the Court is to determine whether a genuine issue of fact exists. *See Nat'l Athletic Sportwear Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).

## ANALYSIS

The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,'" and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). *See also Burton v. Downey*, 805 F.3d 776, 786 (7th Cir. 2015). The Seventh Circuit "identified several situations that meet this demanding test, including lack of heat, clothing, or sanitation." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)(quoting *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)). In

addition, "[s]ome conditions of confinement may establish an Eighth Amendment violation in combination when each alone would not do so." *Gillis,* 486 F.3d at 493.When addressing the severity of conditions, courts must consider their cumulative effect. *See Gray*, 826 F.3d at 1005.

Bradley argues that he is entitled to summary judgment on his conditions of confinement claim because it is undisputed that for a nine month period (August 21, 2018 to May 16, 2019) he did not have reasonable opportunities for personal cleanliness in that the shower lacked assistive railing, and he could not obtain assistance with showering. Bradley also argues that it is undisputed that he did not have an assistive railing in his cell (from August 2018 to April 2019), which caused him to fall and sustain two severe injuries. Bradley contends that Lashbrook was informed of his complaints through the emergency grievance he wrote to her, that Lashbrook deemed them a non-emergency, and that she did not inquire or investigate the issue. Defendants counter that Bradley's arguments do not support a finding of summary judgment in his favor. In fact, Defendants contend that Bradley's records show that Defendants did provide him with accommodations based on his disability, and there was no violation of the Eighth Amendment in providing services to Bradley while he was housed at Menard.

Viewing the record in a light most favorable to Defendants, the Court finds that there are material questions of fact as to whether Bradley has established a viable condition of confinement claim against Lashbrook. The record reveals that most of, if not all the conditions Bradley complained about at Menard, had been remedied as to him.

Page **8** of **10**

Specifically, Chief District Judge Nancy J. Rosenstengel in denying Bradley's second motion for preliminary injunction for not establishing a likelihood of success on the merits found:

> Plaintiff acknowledges that he has been provided the assistive rails in his cell. His bed has been modified to fit his mattress, and the top bunk has been removed. In Plaintiff's supplemental brief (Doc. 71), he complains only about the shower facilities in his housing unit, which he argues is not accessible. He acknowledges, however, he has been provided a stationary shower chair and assistive railing, and that the showers now run approximately fifteen minutes. The Court has viewed the shower unit submitted by Defendants; they show both vertical and horizontal assistive railing, as well as stationary shower chair. Video footage of the shower unit submitted by Defendants demonstrates that at least one shower head runs for approximately twelve and half minutes. Anthony Willis testified at the evidentiary hearing that an ADA attendant has been assigned to the unit and the assistant helps individuals, including Plaintiff, in the shower. The attendant pushes the button to start the shower for the inmates and can re-enter the shower to push the button again if necessary. Thus, Plaintiff has been provided with a number of accommodations to help him shower.

(Doc. 75, p. 5). Moreover, Bradley has not presented any evidence that Lashbrook was both aware of and disregarded an excessive risk to inmate health and safety.

Lastly, the Court rejects Bradley's argument that Lashbrook violated his constitutional rights regarding his conditions of confinement claim because she did not comply with Section 504.840 of the Illinois Administrative Code. A violation of a policy, custom, or practice is not relevant to the claims in this case. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2004)(noting that any deviation from internal policies "is completely immaterial as to the question of whether a violation of the federal constitution has been established."); *Watford v. Pfister*, No. 19-3221, 2020 WL 3564666, at

*2 (7th Cir. July 1, 2020)(stating that "[r]egardless of how [plaintiff] frames his claims,

however, they all turn on an alleged violation of the state administrative code. And as the

district court correctly recognized, the violation of a state law is 'completely immaterial

. . . of whether a violation of the federal constitution has been established.'")(quoting

*Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006)). Based on the record, the

Court finds that there are genuine issues of material fact that preclude summary

judgment in favor of Bradley as to his conditions of confinement claim against Lashbrook

in Count 2.

### CONCLUSION

Accordingly, the Court **DENIES** Bradley's motion for partial summary judgment

(Doc. 104).

**IT IS SO ORDERED.**

**Dated: July 16, 2020.**

Digitally signed by
Magistrate Judge
Gilbert C. Sison
Date: 2020.07.16
10:10:48 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**